# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * *
PAXTON T. KING,                        *
                                       *    No. 18-1575V
            Petitioner,                *
                                       *    Special Master Christian J. Moran
                                       *
v.                                     *    Filed: July 21, 2020
                                       *
SECRETARY OF HEALTH                    *    Entitlement, dismissal
AND HUMAN SERVICES,                    *
                                       *
            Respondent.                *
* * * * * * * * * * * * * * * * * * * *
```

Jerold L. Leichsenring, Krueger & Hernandez S.C., Middleton, WI, for petitioner; Colleen C. Hartley, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Paxton King alleged that an influenza ("flu") vaccination he received on October 21, 2015, caused him to suffer a shoulder injury related to vaccine administration ("SIRVA"). Pet., filed Oct. 11, 2018, Preamble. On July 16, 2020, Mr. King moved for a decision dismissing his petition.

### I. Procedural History

Mr. King filed a petition on October 11, 2018, without any medical records. By April 29, 2019, Mr. King filed his medical records and a statement of completion.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

After some delays due to a backlog in reviewing cases, the Secretary filed his Rule 4 report opposing compensation. In his report, the Secretary opposed compensation on the grounds that Mr. King did not report his shoulder pain until six weeks after vaccination, despite having intervening medical appointments, and that Mr. King had pain/range of motion restrictions in both shoulders. Resp't's Rep., filed Nov. 4, 2019, at 4-5. The Secretary also noted that the medical records do not document the site (left/right shoulder) of Mr. King's vaccination. Id. at 2 n.1. This case was then transferred to the undersigned.

After Mr. King submitted affidavits to address the onset issue, a status conference was held to discuss next steps on January 29, 2020. The parties agreed that an onset hearing would not place the case in a situation to be settled so they agreed to proceed to expert reports. Order, issued Jan. 29, 2020. Mr. King was ordered to file an expert report by March 30, 2020. Id. Final expert instructions subsequently issued. Order, issued Feb. 14, 2020.

Mr. King eventually advised that he had consulted with Dr. Lawrence Steinman and anticipated providing an expert report from him. Pet'r's Mot., filed Apr. 30, 2020. In his next motion, Mr. King advised that Dr. Steinman would not be able to provide an expert report and he was in the process of locating another expert. Pet'r's Mot., filed June 11, 2020. On July 17, 2020, Mr. King filed a status report indicating that he was unable to locate an expert witness and intends to dismiss his case.

On July 17, 2020, Mr. King moved for a decision dismissing his petition. Mr. King stated that the Secretary did not oppose the motion but reserved his right to question the good faith and reasonable basis of this claim in regard to any motion for attorneys' fees and cost. This matter is now ready for adjudication.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). If the medical records do not sufficiently support a petitioner's claim, a

medical opinion must be offered in support. In his petition, Mr. King alleged a SIRVA Table claim based on the October 21, 2015 flu vaccine.

The factual record did not establish the onset of Mr. King's shoulder pain and, thus, the related causation presumption for a SIRVA Table claim. Mr. King was unable to provide an expert opinion in support of vaccine causation. In his motion to dismiss, Mr. King conceded that "he will be unable to prove that he is entitled to compensation in the Vaccine Program." Pet'r's Mot., filed July 17, 2020, at 1.

In light of Mr. King's concession that this case is not compensable and a review of the entire record, the undersigned finds that Mr. King has not established that the influenza vaccine caused his shoulder pain.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

3