# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| PAXTON T. KING, | * |
| | *   No. 18-1575V |
| Petitioner, | *   Special Master Christian J. Moran |
| | * |
| v. | *   Filed: March 24, 2021 |
| | * |
| SECRETARY OF HEALTH | *   Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

Jerold L. Leichsenring, Krueger & Hernandez S.C., Middleton, WI, for Petitioner; Colleen C. Hartley, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Paxton King's motion for final attorneys' fees and costs. He is awarded **$7,243.58**.

\* \* \*

On October 11, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccine he received on October 21, 2015, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer a shoulder injury related to vaccine administration. After indicating that he would be unable to secure an expert report, petitioner filed a motion to voluntarily dismiss his petition on July 17, 2020. On July 21, 2020, the undersigned issued his decision dismissing the petition for insufficient proof. 2020 WL 5351501 (Fed. Cl. Spec. Mstr. Jul. 21, 2020).

On September 24, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $6,963.00 and attorneys' costs of $680.58 for a total request of $7,643.58. Fees App. at 4. On September 30, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Respondent's statement that the conditions for an award of attorneys' fees and costs are met controls the outcome. See Harding v. Sec'y of Health & Human Servs., 146 Fed. Cl. 381, 392 n. 7 (2019); see also Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."

Additionally, respondent recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner filed a reply on October 1, 2020, reiterating his contention that the requested fees and costs are reasonable.

*     *     *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, the undersigned finds that petitioners' claim has a reasonable basis throughout the entire case. Respondent also has not challenged the reasonable basis of the claim. A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine

reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests that his attorneys at Krueger Hernandez, S.C., be compensated at $200.00 per hour for all work performed, irrespective of year or attorney (the billing records indicate a nearly even split of work between three attorneys: Mr. Jerold Leichsenring, Mr. Andrew Krueger, and Ms. Stephanie Schmitt). These rates are consistent with what these attorneys have previously been awarded in the Vaccine Program, and the undersigned finds them to be reasonable in the instant case. See, e.g., Schoeller v. Sec'y of Health & Human Servs., No. 17-111V, 2020 WL 6707819, at *4 (Fed. Cl. Spec. Mstr. Oct. 5, 2020).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and, on the whole, the billed hours are reasonable. Counsel has done a particularly good job with the level of detail provided in their billing entries, which has allowed the undersigned to assess the reasonableness of the hours billed. One small issue is an excessive amount of time billed by counsel on preparing and filing pro forma documents (e.g., 0.4 hours to draft and file notices of filings). Upon review, a $400.00 reduction is reasonable to offset this time billed.

C.      Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $680.58 in attorneys' costs. This amount is comprised of postage, photocopies, acquisition of medical records, and the Court's filing fee. Fees App. at 10. Petitioner has provided adequate documentation supporting all of the requested costs, and they appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

E.      Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$7,243.58** (representing $6,563.00 in attorneys' fees and $680.58 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Jerold Leichsenring.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.